NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-2969 & 12-3107
_____

J. STEVEN MANNING

Appellant in 12-2969

v.

THOMAS T. FLANNERY; STACEY HOLLAND;
INTERIM MANGEMENT ASSOCIATES, LLC,
d/b/a BOYDEN AND/OR AS BOYDEN INTERIM MANAGEMENT;
RESOURCES FOR MANAGEMENT INC,
d/b/a BOYDEN AND/OR BOYDEN GLOBAL EXECUTIVE SEARCH
AND/OR BOYDEN WORLD CORPORATION

Thomas T. Flannery; Stacey Holland;
Interim Management Associates, LLC;
Resources for Management, Inc.,

Appellants in 12-3107

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-10-cv-00178)
District Judge: Honorable Lisa P. Lenihan

_____

Submitted Under Third Circuit LAR 34.1(a)
June 14, 2013

Before: McKEE, Chief Judge, AMBRO, and GREENBERG, Circuit Judges

(Opinion filed  June 14, 2013)

---

OPINION

---

AMBRO, <u>Circuit Judge</u>

J. Steven Manning appeals the District Court's grant of summary judgment on all of his claims against Thomas T. Flannery, Stacey Holland, and their employer, which is listed on the docket as Interim Management Associates, LLC, but referred to by all parties as Boyden.

I.

Boyden is an executive recruiting agency. In 2007, it was hired to recruit a Vice President for Operations for Ardex LP, where Manning served as President and Chief Executive Officer. During the VP search, Flannery and Holland communicated with Dieter Gundlach, the Chairman of Ardex's parent companies, about Manning and the search process. Specifically, the two sent Gundlach e-mails suggesting that Manning was hampering the VP search in order to maintain a powerful position in Ardex. They also informed Gundlach that Manning prevented Gundlach from meeting with candidates for the VP position and, through a voicemail left for Holland by Manning's assistant, asked Holland to hide that fact from Flannery so he would not tell Gundlach. The parties call this the "don't tell Tom [Flannery]" statement. Manning contends that neither he nor his assistant made such a request, and, in fact, the voicemail was to ensure that Flannery was informed about the search progress. In 2008, Manning was terminated from Ardex.

2

Gundlach cited the VP search, as well as other disagreements about Manning's performance, as reasons for the termination.

Manning brought an array of state law claims against Flannery, Holland, and Boyden (collectively, the "Defendants"), including defamation, intentional interference with existing contracts, intentional interference with existing business relations, intentional interference with prospective contractual relations, breach of fiduciary duty, and negligence. The District Court granted summary judgment to the Defendants on all counts. Manning appeals only his claims for defamation and intentional interference.

## II.

We review a district court's grant of summary judgment *de novo* and apply the same standard as the District Court.[1] *Doe v. Luzerne Cnty.*, 660 F.3d 169, 174 (3d Cir. 2011). Viewing all inferences in the light most favorable to the nonmoving party, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Burton v. Teleflex, Inc.*, 707 F.3d 417, 425 (3d Cir. 2013).

Pennsylvania law shields the publisher of defamatory statements from liability if the statement "was made subject to a privilege, and the privilege was not abused." *Moore v. Cobb-Nettleton*, 889 A.2d 1262, 1268 (Pa. Super. Ct. 2005). A conditional privilege applies "if the publisher reasonably believes that the recipient shares a common interest in the subject matter and is entitled to know the information conveyed." *Am.*

---

[1] That Court had jurisdiction under 28 U.S.C. § 1332, and we have appellate jurisdiction under 28 U.S.C. § 1291.

*Future Sys., Inc. v. Better Bus. Bureau*, 923 A.2d 389, 393 (Pa. 2007). The plaintiff bears the burden of showing an abuse of privilege, which occurs if "the publication is actuated by malice or negligence, is made for a purpose other than that for which the privilege is given, or to a person not reasonably believed to be necessary for the accomplishment of the purpose of the privilege, or included defamatory matter not reasonably believed to be necessary for the accomplishment of the purpose." *Moore*, 889 A.2d at 1269; 42 Pa. Cons. Stat. § 8343(a)(7).

The parties agree that the Defendants had a conditional privilege to share information with Gundlach about the VP candidate search. Manning argues that he raised a disputed issue that Flannery and Holland abused this privilege when they shared the "don't tell Tom" statement with Gundlach. Although there is a genuine dispute about whether the "don't tell Tom" statement was made, we agree with the District Court that there is no evidence that Flannery and Holland abused the conditional privilege. Manning argues that the lack of truth in the statement raises a triable issue of fact that Defendants knew they were providing false information. We disagree. Manning provides no evidence that Flannery or Holland acted with reckless or negligent disregard for the veracity of their communications with Gundlach. *See Moore*, 889 A.2d at 1270 ("Even assuming appellant's facts are true [that the statement was untrue and defamatory,] . . . . [t]he record is devoid of any evidence that defendant's report was actuated by malice or negligence.").

Similarly, under Pennsylvania law a communication is not intentional interference of an existing contractual claim if there is a "privilege or justification on the part of the

4

defendant" who shared the information. *Foster v. UPMC S. Side Hosp.*, 2 A.3d 655, 665–66 (Pa. Super. Ct. 2010); Restatement (Second) of Torts § 766 (1979). The plaintiff must prove "that the defendant's actions were improper under the circumstances presented." *Walnut St. Assocs., Inc. v. Brokerage Concepts, Inc.*, 985 A.2d 94, 98 (Pa. Super. Ct. 2009) (emphasis omitted). "One who intentionally causes a third person not to perform a contract . . . does not interfere improperly with the other's contractual relation . . . by giving the third person (a) truthful information . . . or (b) honest advice within the scope of a request for the advice." Restatement (Second) of Torts § 772; *Walnut St.*, 982 A.2d at 99. We agree with the District Court that Manning has not raised a dispute that Flannery and Holland acted improperly when they communicated with Gundlach about the VP search. Manning again relies on his claim that the "don't tell Tom" statement was not made, and therefore the Defendants provided untruthful information to Gundlach. As with the defamation claim, even assuming the communication was untrue, there is no evidence that would allow a reasonable jury to find that Flannery and Holland acted in a way that was improper.

Finally, for a claim of tortious interference with prospective contractual relationship "the Pennsylvania Supreme Court requires that there be an objectively reasonable probability that a contract will come into existence, . . . something more than a 'mere hope.'" *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 184 (3d Cir. 1997) (quoting *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 471 (Pa. 1979)). Manning cannot demonstrate a reasonable probability of future employment at Ardex or in the positions he has applied since his termination from Ardex.

5

\* \* \* \* \*

The reasons above essentially parrot the District Court's thoughtful and thorough opinion.  Thus we affirm.[2]

---

[2] The Defendants have filed a cross-appeal arguing that the District Court should have granted summary judgment in their favor for reasons other than those given in its opinion.  Because the Defendants are not aggrieved by the judgment in their favor and seek no additional relief in their cross-appeal, we dismiss the appeal at No. 12-3107 as moot.